# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**William Somers,**
Plaintiff,

Case No. 26-C-182

**Village of Menomonee Falls;**
**Menomonee Falls Police Department;**
**Diane Braatz, in her official capacity as**
**Records Custodian, Menomonee Falls Police Department,**
Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within the Eastern District of Wisconsin.

### II. PARTIES

4. Plaintiff **William Somers** is a resident of West Bend, Wisconsin.

5. Defendant **Village of Menomonee Falls** is a municipal corporation organized under the laws of the State of Wisconsin.

6. Defendant **Menomonee Falls Police Department** is a department and instrumentality of

1

the Village of Menomonee Falls.

7. Defendant **Diane Braatz** is the Office Operations Supervisor and Records Custodian for the Menomonee Falls Police Department and is sued **in her official capacity only**.

## III. FACTUAL ALLEGATIONS

8. Plaintiff was the individual charged in Menomonee Falls Police Department case number **99-004610**, arising from a 1999 investigation.

9. Defendants maintain exclusive custody and control over records associated with this case, including incident reports, narratives, supplements, and related materials.

10. Plaintiff is engaged in ongoing and anticipated litigation in which records associated with case 99-004610 are material.

11. On January 20, 2026, Plaintiff submitted a request for records concerning case 99-004610.

12. On February 2, 2026, Defendant Braatz, acting in her official capacity, issued a written denial of Plaintiff's request.

13. The denial cited general victim-privacy considerations and Marsy's Law, but did not address Plaintiff's status as the charged party.

14. Defendants did not attempt to provide redacted or segregable portions of the records.

15. Defendants did not certify the completeness or integrity of the records maintained.

16. Plaintiff subsequently clarified that he was seeking access solely to records concerning himself and did not seek public dissemination of victim-identifying information.

2

17. Plaintiff requested confirmation regarding record completeness and integrity, including whether records had been modified, reconstructed, or supplemented.

18. Plaintiff provided Defendants with notice of anticipated federal litigation and requested preservation of all records.

19. Defendants responded by repeatedly directing Plaintiff back to the original denial letter and declined to engage with Plaintiff's narrowed requests.

20. Defendants have refused to provide any redacted disclosure, segregable portions, or written assurances regarding record integrity.

21. Defendants' conduct prevents Plaintiff from meaningfully accessing records necessary to pursue non-frivolous legal claims.

22. The harm to Plaintiff is ongoing and continues each day Defendants maintain exclusive custody of the records while denying access and verification.

## IV. CLAIMS FOR RELIEF

**COUNT I — Procedural Due Process**
*(Fourteenth Amendment — 42 U.S.C. § 1983)*

23. Plaintiff incorporates paragraphs 1–22.

24. Defendants, acting under color of state law, maintain exclusive control over records concerning Plaintiff.

25. Defendants' categorical refusal to provide redacted or segregable access, without individualized review or procedural safeguards, deprives Plaintiff of procedural due process.

3

26. Defendants failed to employ constitutionally adequate procedures to balance privacy interests against Plaintiff's rights of access.

**COUNT II — Denial of Access to Courts**

*(First and Fourteenth Amendments — 42 U.S.C. § 1983)*

27. Plaintiff incorporates paragraphs 1–26.

28. Defendants' refusal to provide access to or verification of material records obstructs Plaintiff's ability to pursue non-frivolous legal claims.

29. Defendants' conduct constitutes an unconstitutional interference with Plaintiff's right of access to the courts.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

A. Declare that Defendants' conduct violates Plaintiff's constitutional rights;

B. Issue injunctive relief compelling Defendants to produce all non-exempt and segregable portions of records associated with case 99-004610, with appropriate redactions if necessary;

C. Order Defendants to certify the completeness and integrity of the records maintained;

D. Order Defendants to preserve all records associated with case 99-004610;

E. Award costs and such other relief as the Court deems just and proper.

**Plaintiff seeks no monetary damages.**

## VI. JURY DEMAND

Plaintiff does not demand a jury trial.

Respectfully submitted,

4

*[signature]*

**William Somers**
704 S. Indiana Ave., Apt. #8
West Bend, WI 53095
Plaintiff, Pro Se

Date: February 03, 2026