UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM JOSEPH SOMERS,

    Plaintiff,

 v.                 Case No. 26-cv-0182-bhl

VILLAGE OF MENOMONEE FALLS,
MENOMONEE FALLS POLICE
DEPARTMENT and DIANE BRAATZ,

    Defendants.

## SCREENING ORDER

On February 3, 2026, Plaintiff William Joseph Somers, proceeding without an attorney, filed this lawsuit against Defendants Village of Menomonee Falls, Menomonee Falls Police Department, and Diane Braatz. (ECF No. 1.) Somers has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Somers's IFP motion and for the screening of his complaint.[1]

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Somers reports that he has no monthly income and limited assets, including two vehicles (one of which has serious damage) and $184.33 in cash, checking, or savings. (*Id.* at 1–2.) He owes a $5,000 judgment for attorneys' fees related to issues involving his claim, $1,500 in unpaid rent, $900 in credit card bills, and $3,000 in student loans. (*Id.* at 2.) He does not have any dependents and pays $865 per month in rent, $250 per month for heat, electricity, and internet, $1,200 per year to insure his two vehicles, and has extensive costs

---

[1] This case is the fourth that Somers filed within a month. *See Somers v. Welker*, 26-cv-0028-BHL, ECF No. 1 (Jan. 7, 2026); *Somers v. Western States Envelope & Label Inc.*, 26-cv-0058-BHL, ECF No. 1 (Jan. 13, 2026); *Somers v. Schotzko*, 26-cv-0155-BHL, ECF No. 1 (Jan. 29, 2026).

related to the care of his two small elderly dogs. (*Id.*) Based on these sworn assertions, the Court will grant his motion to proceed IFP.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue," or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Cf.* 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court may screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Somers is a resident of West Bend, Wisconsin. (ECF No. 1 ¶4.) Menomonee Falls is a municipal corporation in Wisconsin. (*Id.* ¶5.) Menomonee Falls Police Department is a department of Menomonee Falls. (*Id.* ¶6.) Braatz is the Office Operations Supervisor and Records Custodian for the Menomonee Falls Police Department. (*Id.* ¶7.)

Following a 1999 investigation by the Menomonee Falls Department, Somers was charged with an unknown crime. (*Id.* ¶8.) Somers "is engaged in ongoing and anticipated litigation" where records surrounding his criminal charge are material. (*Id.* ¶10.) Accordingly, on January 20, 2026, Somers submitted a records request. (*Id.* ¶11.) On February 2, 2026, Braatz provided a letter denying the request. (*Id.* ¶12; ECF No. 1-1 at 1.) Braatz explained that the victim's privacy rights outweighed the interest in public disclosure. (ECF No. 1-1 at 1.) She advised Somers that her determination is subject to review by mandamus under Wis. Stat. §19.37(1) or upon application to the Attorney General or a district attorney. (*Id.*) In the span of fifteen minutes, Somers sent four emails explaining that he was the individual charged in connection with the records, emphasizing that the records were relevant ongoing and anticipated litigation, demanding production of the records, and threatening a federal lawsuit. (*Id.* at 2–6.) On February 3, 2026, Braatz again directed Somers to the letter provided. (*Id.* at 2.)

Based on these factual allegations, Somers maintains that Defendants violated his procedural due process rights and denied him access to the courts. (ECF No. 1 ¶¶23–29.)

## ANALYSIS

Somers invokes 42 U.S.C. §1983 to pursue various alleged constitutional violations against Defendants. (*Id.*) To state claims under Section 1983, Somers must first identify a person or persons acting under color of law. *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Somers maintains that the Menomonee Falls Police Department and Braatz violated his constitutional rights. (ECF No. 1 ¶¶23–29.)

Menomonee Falls Police Department, however, is not a suable "person" under Section 1983. *See Best v. City of Portland*, 554 F.3d 698, 698 n.\* (7th Cir. 2009) ("[A] police department is not a suable entity under [Section] 1983."). Accordingly, Somers's Section 1983 claims against the Menomonee Falls Police Department will be dismissed.

To proceed with his Section 1983 claim against Braatz, Somers must allege that she violated his constitutional rights. *See Case*, 327 F.3d at 566. His allegations are insufficient to

state a claim against her. The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, §1. Procedural due process "is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (cleaned up). Procedural due process claims have two elements: deprivation of a protected interest and insufficient procedural protections surrounding that deprivation. *Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

Somers alleges only in conclusory fashion that Braatz violated his procedural due process rights. (ECF No. 1 ¶¶23–26.) He does not allege facts sufficient to establish either of the required elements of his claim. While Somers invokes his right to access public records, (ECF No. 1 ¶26), the Fourteenth Amendment does not mandate a "right of access" to government information, *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978); *see also John K. MacIver Institute for Public Policy, Inc. v. Evers*, 994 F.3d 602 (7th Cir. 2021). Accordingly, Somers has not alleged that he has been deprived of a protected interest.

Somers has also not alleged that he has been provided with insufficient procedural protections. According to the letter attached to Somers's complaint, Braatz explained to him that her determination could be challenged by mandamus under Wis. Stat. §19.37(1) or upon application to the Attorney General or a district attorney. (ECF No. 1-1 at 1.) Instead of following Braatz's advice and Wisconsin statute, Somers filed a federal lawsuit. His own attempt to circumvent Wisconsin procedure is not a deprivation of due process caused by Braatz. Accordingly, his procedural due process claim will be dismissed.

Somers also insists that Braatz's refusal to provide the records constituted a denial of access to the courts. (ECF No. 1 ¶¶27–29.) To allege a claim for a denial of access to the court, Somers must identify: "(1) a nonfrivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement." *Harer v. Casey*, 962 F.3d 299, 308 (7th Cir. 2020). Somers maintains that he is "engaged in ongoing and anticipated litigation" and that his claims are "non-frivolous." (ECF No 1. ¶¶10, 28.) But this is undercut by his other allegations. Somers alleges that the records involve a 1999 investigation. Without more detail, it is difficult to see how any claims he seeks to bring are not barred by the statute of limitations. Moreover, Somers has not explained how Braatz's acts frustrated his litigation. It is unclear if Somers has filed a complaint, given that he characterizes the litigation as both "ongoing" and "anticipated." (*Id.* ¶10.) If a complaint has not been filed,

Braatz's actions should not stop him from doing so. If a complaint has been filed, then it must have been in state court,[2] and this is a discovery issue. But discovery problems cannot be the basis of an access to the courts claim when state court remains open. *Owsley v. Gorbett*, 960 F.3d 969, 971–72 (7th Cir. 2020). Accordingly, Somers's claim for denial of access to the courts will be dismissed.

Somers also lists Menomonee Falls as a defendant. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court recognized that municipalities could be "persons" and thus held liable for constitutional violations under Section 1983. To prevail on a *Monell* claim, the plaintiff must allege facts establishing (1) that he suffered a constitutional injury, and (2) that the City authorized or maintained a custom of approving the unconstitutional conduct. *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) (citing *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994)). As discussed above, Somers has not alleged a constitutional violation, thus defeating his *Monell* claim. Further, Somers does not allege or otherwise indicate that any policy, practice, or procedure implemented by Menomonee Falls caused the violation of his rights, thus warranting its dismissal. *See Helbacs Café, LLC v. City of Madison*, 46 F.4th 525, 530 (7th Cir. 2022). Indeed, Braatz's letter undercuts an inference that Menomonee Falls has a policy, practice, or procedure of violating procedural due process and denying access to the courts: she first explains the balancing test imposed and then directs him to the relevant statute should Somers wish to contest her decision. (*See* ECF No. 1-1 at 1.)

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). The Court will not give leave to amend, because it would be futile. Federal court is not the place for this grievance. Somers may either seek the record through Wisconsin's procedural process or ask for the records during discovery for his underlying claim. He may not, however, bring a federal lawsuit based on his state-court records request. Accordingly, his complaint will be dismissed without leave to amend.

---

[2] Somers's other three cases in this Court do not involve claims about a 1999 Menomonee Falls Police Department investigation.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Somers's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED IT IS FURTHER ORDERED** that Somers's Complaint, ECF No. 1, is **DISMISSED**. The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 18, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge